```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON


CORNELL F. DAYE,

     Plaintiff,

v.                                  Case No. 2:11-cv-00106

DAVID BALLARD, Warden,
Mount Olive Correctional Complex,
JASON COLLINS, Associate
Warden of Programs,
MARK CRAWFORD, Librarian, and
LT. CURTIS DIXON,

     Defendants.
```

## PROPOSED FINDINGS AND RECOMMENDATION

On February 14, 2011, the plaintiff, who is currently an inmate at Huttonsville Correctional Center, filed a Complaint against these defendants, who are prison staff at Mount Olive Correctional Complex, where the plaintiff was formerly incarcerated. He alleges that the defendants "retaliated and conspired to retaliate against him for exercising his right to access the courts and for assisting other inmates in doing so." (Complaint, ECF No. 2, at 2.)

> He also alleges that certain Defendant's [sic] named in this complaint violated his right to due process, denied him equal protection of the law, were deliberately indifferent to his injuries, and that he was subject to the State torts of malicious abuse of process (malicious prosecution) and retaliation from the prison authorities in retaliation for exercising his right to access the courts.

Id. at 2-3. This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. In Bell Atlantic Corp v. Twombly, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 555.

The Supreme Court further explained its holding in Twombly in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), a civil rights case.

2

The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[1]

The plaintiff's Complaint contains fourteen counts. Upon review, the undersigned has determined that some of these counts fail to state a claim upon which relief can be granted and should be dismissed with prejudice at the outset.

---

[1] Because service of process has not occurred, a motion to dismiss has not been filed in this case. Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915A.

In a prior lawsuit filed by this plaintiff, Daye v. Rubenstein, No. 10-6938, 2011 WL 917248 *2 (4th Cir. Mar. 17, 2011), the Fourth Circuit ruled as follows:

> Daye next asserts that the district court should have liberally construed his complaint to allege a claim of retaliation. Specifically, he claims that prison officials retaliated against him for his exercise of his "First Amendment rights" in complaining to officials regarding his job placement and the related alleged discrimination. For an inmate to state a colorable claim of retaliation, the alleged retaliatory action must have been taken with regard to the exercise of some constitutionally protected right, or the retaliatory action itself must violate such a right. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Furthermore, in a retaliation action alleging First Amendment violations, a plaintiff must show that the conduct complained of adversely affected his constitutional rights. *ACLU v. Wicomico County*, 999 F.2d 780, 785 (4th Cir. 1993). It is insufficient to show a defendant's conduct caused a mere inconvenience. *Id.* at n.6. Moreover, the plaintiff must allege specific facts supporting the claim of retaliation; bare assertions of retaliation do not establish a claim of constitutional dimensions. *Adams*, 40 F.3d at 74-75.
>
> We find that, even if the district court should have construed the complaint as raising a retaliation claim, any such claim was without merit. First, prisoners do not have a constitutional right of access to the grievance process. *Id.* at 75. Daye's verbal complaints to prison officials were essentially a grievance, and thus, contrary to Daye's assertions, his expression of dissatisfaction was not constitutionally protected. Next, Daye failed to demonstrate that the conduct of prison officials adversely affected his constitutional rights. Daye proceeded to file written grievances on the issue and then filed this lawsuit. Accordingly, his access to courts has not been hindered or chilled in any way. As such, Daye's retaliation claim was properly dismissed.

In Count One, "Retaliation," the plaintiff alleges that defendant Crawford retaliated against him and "the sole motivation

4

for these acts was Daye's exercise of his constitutional right to redress his grievances." (Complaint, ECF No. 2, ¶ 38, at 22.) In Count Two, "Retaliation," the plaintiff alleges that defendant Crawford retaliated against him and "the sole motivating factor for his actions being Daye's exercise of his constitutional right to redress grievances." Id. ¶ 40, at 23. In Count Five, "Retaliation," the plaintiff alleges that defendant Crawford retaliated against him and "the sole motivation for Defendant Crawford's actions was to prevent Daye from exercising his constitutional right to redress grievances." Id. ¶ 46, at 24. In Count Seven, "Conspiracy to Retaliate," the plaintiff alleges that defendants Crawford, Dixon and Collins conspired with each other to retaliate against the plaintiff as more fully described in Count One, "for the exercise of his constitutional rights to redress his grievances." Id. ¶ 50, at 25. In Count Eight, "Conspiracy to Retaliate," the plaintiff alleges that defendants Crawford, Dixon and Collins conspired with each other to retaliate against the plaintiff as more fully described in Count Two. Id. ¶ 52, at 25-26.

The undersigned proposes that the presiding District Judge **FIND** that Counts One, Two, Five, Seven and Eight are all based on the plaintiff's assertion that he has a constitutional right to redress his grievances, which is contrary to the Fourth Circuit's ruling in Dave v. Rubenstein, supra.

In Count Eleven, "Denial of Access to the Court," the

5

plaintiff alleges that defendant Ballard

> did deny Daye access to the court in his actions and did create undue hardships for Daye in his attempts to access the courts when Defendant Ballard illegally confiscated Daye's entire income (and a large portion of his savings) for the purpose of paying for legal copies made by Daye intended to be filed with the courts, despite Daye's indigence. As a result of Defendant Ballard's actions (1) Daye was unable to timely file legal matters in Case No.'s 2:09-cv-00909 and 2:09-cv-00167 [in the Southern District of West Virginia], (2) Daye's complete income was confiscated in the months of December (2009), January (2010), February (2010), March (2010) and in prior months between the years 2008 through 2010, (3) Daye was unable to pursue his legitimate legal claims with the court in a timely fashion, (4) Daye was also unable to purchase needed hygiene, recreational clothing (shoes, socks, underwear, sweats, etc....) legal supplies, writing materials, participate fairly in college educational programming, and (5) was therefore forced to (illegally) barrow [sic; borrow] from other inmates at the prison which has accumulated great debt for Daye due to the Defendant's unconstitutional photo copy scheme.

Id. ¶ 58, at 27-28. It appears that this cause of action is based on the plaintiff's belief that he has a constitutional right not to be charged for photocopies. There is no such right and this claim is frivolous. The plaintiff also asserts that he was hindered in his litigation in Case Nos. 2:09-cv-00909 and -00167, and was "unable to timely file legal matters." The undersigned was referred both cases, has reviewed the docket sheets, and has determined that the plaintiff timely filed his documents. When the plaintiff needed extensions of time, he was granted them. Thus in no respect was the plaintiff denied access to the courts as a result of the requirement that he pay for his photocopies. The undersigned proposes that the presiding District Judge **FIND** that

Count Eleven fails to state a claim upon which relief can be granted.

In Count Thirteen, "Denial of Due Process of Law," the plaintiff alleges that defendant Crawford violated his right to due process of law by firing him from his employment as a legal aid to other inmates. Id. ¶ 62, at 28. It is well settled that prisoners have no constitutionally protected right to any particular work assignment. See Altizer v. Paderick, 569 F.2d 812, 813 (4th Cir. 1978)(per curiam)("[T]he classifications and work assignments of prisoners . . . are matters of prison administration, within the discretion of the prison administrators...."); Bulgar v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995)(noting that "courts of appeals consistently have held that an inmate's expectation of keeping a specific prison job, or any job, does not implicate a protected property interest"); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986)(per curiam)(prisoners have no constitutional liberty or property interest in prison employment); Adams v. James, 784 F.2d 1077-1079 (11th Cir. 1986)(prisoners have no constitutional right to maintain a particular job). The undersigned proposes that the presiding District Judge **FIND** that Count Thirteen fails to state a claim upon which relief can be granted.

It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS WITH PREJUDICE** Counts One, Two, Five, Seven, Eight, Eleven and Thirteen for failure to state claims upon which relief

can be granted, pursuant to 28 U.S.C. § 1915A.

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to the presiding District Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff.

April 29, 2011
    Date

Mary E. Stanley
United States Magistrate Judge