# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

CORNELL F. DAYE,

        Plaintiff,

v.           CIVIL ACTION NO. 2:11-cv-00106

DAVID BALLARD, et al.,

        Defendants.

## MEMORANDUM OPINION & ORDER

This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition ("PF&R"), pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and has recommended that under 28 U.S.C. § 1915A the court **DISMISS** Counts One, Two, Five, Seven, Eight, Eleven, and Thirteen of the plaintiff's Complaint with prejudice for failure to state a claim upon which relief may be granted.

The court has reviewed *de novo* those portions of the PF&R to which the plaintiff objects and **FINDS** that the plaintiff's objections lack merit. Accordingly, the court **ADOPTS** and incorporates herein the Magistrate Judge's PF&R [Docket 17], and **DISMISSES with prejudice** Counts One, Two, Five, Seven, Eight, Eleven, and Thirteen of the plaintiff's Complaint.

**I.     Background**

After *de novo* review of those portions of the Magistrate Judge's report to which objections were filed, the court **ADOPTS** the statement of facts set forth in the PF&R. The account provided by the Magistrate Judge therein requires only a brief summary here.

On February 14, 2011, the plaintiff, who is currently an inmate at Huttonsville Correctional Center, filed a Complaint against the defendants, who are prison staff at Mount Olive Correctional Complex, where the plaintiff was formerly incarcerated.

In his Complaint the plaintiff alleges that the defendants "retaliated and conspired to retaliate against him for exercising his right to access the courts and for assisting other inmates in doing so." (Compl. [Docket 2], at 2.) The plaintiff further asserts that the following prison policies, implemented by the defendants, prevented him from exercising his constitutional right to seek redress for his grievances: (1) prohibiting saving data on disk drives; (2) prohibiting assisting inmates in the prison's segregation unit; (3) restricting assisting inmates in civil matters challenging prison policies; (4) charging inmates for making photocopies of legal documents; and (5) charging inmates for college books under the Inmate Benefit Fund. (Id. at 6-7.) In Counts One, Two, Five, Seven, and Eight, the plaintiff alleges that the defendants retaliated against him for exercising his constitutional right to seek redress for his grievances by, among other things, taking disciplinary action against the plaintiff and searching his cell and computer.

In Count Eleven, the plaintiff alleges that defendant David Ballard denied the plaintiff access to the court and created undue hardships by "illegally confiscat[ing] Daye's entire income (and a large portion of his savings) for the purpose of paying for legal copies made by Daye intended to be filed with the courts, despite Daye's indigence." (Id. at 27-28.) The plaintiff alleges that, as

-2-

a result, he was unable to do any of the following: (1) make timely filings in his earlier cases before this court; (2) purchase "needed hygiene, recreational clothing (shoes, socks, underwear, sweats, etc. . .) legal supplies, writing materials"; or (3) "participate fairly in college educational programming." (Id.) The plaintiff alleges that, as a result, he was "therefore forced to (illegally) barrow [sic] from other inmates at the prison which has accumulated great debt for Daye due to the Defendant's unconstitutional photo copy scheme." (Id.)

Finally, in Count Thirteen, the plaintiff alleges that defendant Mark Crawford violated the plaintiff's right to due process by firing him from his employment as legal assistant to other inmates. (Id. at 28.)

On April 29, 2011, the Magistrate Judge submitted her PF&R to this court. The plaintiff timely filed objections on May 16, 2011 [Docket 18], and the matter is now ripe for review.

**II.     Standard of Review**

*a.     Magistrate Judge's Recommendations*

When a Magistrate Judge issues a recommendation on a dispositive matter, the court reviews *de novo* those portions of the Magistrate Judge's report to which specific objections are filed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a party files an objection that is too general or conclusory to focus attention on any specific error supposedly committed by the Magistrate Judge, the court need not conduct a *de novo* review. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). This court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). The court will consider the fact that Plaintiff is acting pro se, and his pleadings will be accorded liberal

construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

      *b.*      *28 U.S.C. § 1915A*

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The standard for screening a case under 28 U.S.C. § 1915A is the same as the Fed. R. Civ. P. 12(b)(6) standard for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. As the Supreme Court reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949-50. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). A complaint must contain enough facts to "nudge[] [a] claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## II. Discussion

The Magistrate Judge recommends that this court dismiss with prejudice Counts One, Two, Five, Seven, Eight, Eleven, and Thirteen of the plaintiff's Complaint for failing to state a claim upon which relief can be granted. The court will address each of the plaintiff's objections in turn.

    *a.    Counts One, Two, Five, Seven, and Eight*

The Magistrate Judge recommends that this court find Counts One, Two, Five, Seven, and Eight of the plaintiff's Complaint "are all based on the plaintiff's assertion that he has a constitutional right to redress his grievances, which is contrary to the Fourth Circuit's ruling in *Daye v. Rubenstein*, [No. 10-6938, 2011 WL 917248, at *2 (4th Cir. Mar. 17, 2011) (unpublished)]." (PF&R, at 5.) The plaintiff objects to this finding in order to "preserve[] the issue for an appeal to the Fourth Circuit." (Objections, at 3-4.) The court notes the plaintiff's objection, but overrules it based on the clear precedent set forth in *Daye v. Rubenstein* that "prisoners do not have a

constitutional right of access to the grievance process." 2011 WL 917248, at *2. Accordingly, the court **ADOPTS** and incorporates herein the Magistrate Judge's recommendations as to Counts One, Two, Five, Seven, and Eight of the plaintiff's Complaint and **DISMISSES these Counts with prejudice**.

    *b.*    *Count Eleven*

The Magistrate Judge additionally recommends that this court dismiss as frivolous Count Eleven in which the plaintiff "contends that the prison policy on making legal copies is unconstitutional." (Objections, at 4.) The Magistrate Judge bases her recommendation on her finding that there is no recognized constitutional right to free access to photocopies in prison. The plaintiff objects, however, that "his due process rights to his property (his inmate account) were violated when the prison officials improperly took his income [for the copies] in violation of clearly established state law and the due process clause of the United States Constitution." (Id. at 5.) The plaintiff contends that, because the defendants confiscated funds from his inmate account, he was "unable to participate fairly in prison rehabilitation programs, . . . could not file matters in the courts in a timely manner, and . . . was forced to barrow [sic] from other inmates." (Id. at 6.) The plaintiff's objections then raise—for the first time—claims that the defendants' actions violated W. Va. Code § 25-1-3c(c)(1), 3a(b), and 3a(d)(1) under which, the plaintiff asserts, prison officials are prohibited "from taking more than forty (40) percent of an inmate's income to pay for court related expenses" (id. at 4) and are required "to leave at least ten (10) percent of [the plaintiff's] income (monthly) in his inmate account." (Id. at 6).

This court agrees with the Magistrate Judge's recommendation and finds that there is no constitutional right to make free photocopies. Thus, the plaintiff's objection as to his constitutional

right to make photocopies claim is meritless. After reviewing the docket in cases 2:09-cv-909 and 2:09-cv-167, this court further agrees with the Magistrate Judge and finds that the plaintiff timely filed documents in these cases. Finally, the plaintiff's reliance on W. Va. Code § 25-1-3c(c)(1), 3a(b), and 3a(d)(1) in his objections is misplaced, because these state law claims do not bear on the plaintiff's constitutional claim in Count Eleven. Moreover, rather than directing the court to a specific error in the PF&R, these objections strictly allege new legal claims and thus the court need not review them *de novo*. *See Orpiano*, 687 F.2d at 47. Accordingly, the court overrules the plaintiff's objections and **FINDS** that the plaintiff has failed to state a claim upon which relief can be granted**, ADOPTS** and incorporates the Magistrate Judge's finding, and **DISMISSES with prejudice** Count Eleven.

  *c.* *Count Thirteen*

The plaintiff alleges in Count Thirteen that defendant Crawford violated his right to due process of law by firing the plaintiff from his employment as a legal aid to other inmates. The Magistrate Judge recommends that the court dismiss Count Thirteen because prisoners have no constitutionally-protected right to any specific work assignment. The plaintiff does not object to this finding and, therefore, the court need not review it *de novo*. *Thomas*, 474 U.S. at 150. Accordingly, the court **ADOPTS** and incorporates the Magistrate Judge's finding and **DISMISSES with prejudice** Count Thirteen.

### III. Conclusion

For the foregoing reasons, the court **ADOPTS** and incorporates herein the Magistrate Judge's Proposed Findings and Recommendation [Docket 17] and **ORDERS** that Counts One, Two, Five, Seven, Eight, Eleven, and Thirteen of the plaintiff's Complaint [Docket 2] be **DISMISSED**

**with prejudice**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:      July 7, 2011

                _____
                Joseph R. Goodwin, Chief Judge